

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. N. Steinle
County Attorney
Atascosa County
Jourdanton, Texas

Dear Sir:

               Opinion No. 0-2054
               Re:  Is it a violation of the law
                    for the Tilden Tribune to ac-
                    cept political advertisements
                    from more than one candidate
                    for office?

     Thank you for your letter of March 6, 1940, re-
questing the opinion of this Department upon the above
stated question.

     We quote from your letter as follows:

     "The Pleasanton Express is a newspaper pub-
lished at Pleasanton, Atascosa County, Texas, and
has been in circulation and owning its physical
plant for a period of more than ten years. The
owners of the Pleasanton Express, some time in
July of 1939, commenced the publication of what
is known as the Tilden Tribune, in Tilden, McMullen
County, Texas, and the physical plant that prints
the Pleasanton Express and also prints the Tilden
Tribune, is owned by the Editor and Publisher of
both papers located in Pleasanton, Texas."

     House Bill 700, Acts 1939, Regular Session, 46th
Legislature, Chapter 20, page 251 (Article 212(a), Vernon's
Annotated Penal Code), reads as follows:

     "Section 1.  That no newspaper, magazine, or
other publication, published daily, biweekly, weekly,

monthly, or at other intervals shall sell, solicit, bargain for, offer, or accept for money, other consideration, or favors, any kind or manner of political advertising from more than one candidate for any or all local, county, State, or Federal offices, unless such publication shall have been published and distributed generally for at least twelve (12) months next preceding the acceptance of the advertising.

"Section 2. Provided however that this Act shall not apply to publications which have been published and circulated generally for at least twelve (12) months next preceding the acceptance of such advertising, for other than purely political purposes in some locality other than that in which it is located and published at the time of accepting such political advertising from more than one candidate.

"Section 3. And provided further that Section 1 of this Act shall not apply to publications which have, prior to the acceptance of political advertising from more than one candidate, been published and circulated generally for a period of less than one year immediately preceding the acceptance of such advertising in the event that such publications can show ownership of its physical plant and that its advertising rates are in proportion to the amount and kind of its circulation.

"Section 4. Whoever violates the provisions of this Act shall be fined not less than Five Hundred Dollars ($500) nor more than One Thousand Dollars ($1,000), or be imprisoned in jail not less than three (3) months nor more than six (6) months, or both. Each violation of this Act shall be a separate offense.

"Section 5. The fact that the existing law does not provide adequately for the regulation of such advertising in Texas, and the further fact that the calendars of the Senate and House are in a crowded condition create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House, and the further Constitutional Rule as to the time when laws take effect, be suspended, and

240

each of them is hereby suspended, and this Act shall take effect and be in full force and effect from and after its passage, and it is so enacted."

It is apparent that this enactment prohibits a newspaper from accepting political advertisements from more than one candidate for any local, county, State or Federal office unless such newspaper shall have been published and distributed generally for at least twelve (12) months next preceding the acceptance of the advertising. To this rule are added certain exceptions. First, newspapers which have been published and circulated (other than for purely political purposes) for at least twelve months preceding the acceptance of the advertisements in some other locality, are excepted. Secondly, publications able to show ownership of their physical plants and that their rates are in line with the amount and kind of their circulation, even though published less than twelve months preceding the acceptance of advertising from more than one candidate, are excepted.

Serious constitutional questions might be raised in connection with House Bill 700, but in view of our holding we find it unnecessary to pass upon its validity. Assuming that the advertising rates of the Tilden Tribune are reasonable and in proportion to its circulation, we believe that such newspapers fall within the second exception set forth in the preceding paragraph. The physical plant of the Tilden Tribune, located in Pleasanton, Texas, is owned by its editor and publisher, who owns, in addition, the Pleasanton Express. As a result, the exemption is complete.

Consequently, you are respectfully advised and it is the opinion of this Department that the Tilden Tribune is not prohibited by Article 212(a), Vernon's Annotated Penal Code, from accepting political advertisements from more than one candidate for office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant